8	79
49	910

### STATE OF LOUISIANA *v.* HENRY A. RIDDING et al.

When the obligation of a bail bond is for the prisoner to appear and remain until discharged by
due course of law, the sureties are bound, though the prisoner be indicted for an offence different
from that for which he was committed.

APPEAL from the District Court, Sixth District, Parish of East Baton Rouge,
*Burke*, J.* *Jones*, for the sureties.

DUNBAR, J. This is an appeal from a judgment on a bail bond by the sure-
ties of *Ridding*, who allege in their defence, that they cannot be held respon-
sible for the appearance of their principal to answer a different and higher
crime than the one recited in their bond.

It appears that *Ridding* was committed to jail, in the parish of East Baton
Rouge, by a magistrate, for the crime of shooting one *Samuel Oldfield*, with in-
tent to kill, and was admitted to bail by order of the District Judge.

The bond recites: "That whereas the above bounden *Henry A. Ridding* is
in the custody of the Sheriff of the parish of East Baton Rouge, by virtue of a
commitment issued by *John R. Dufroe*, justice of the peace, in and for said
parish, on a charge of shooting one *Samuel Oldfield* with intent to kill, now on
file, and to be brought before the Grand Jury of said parish, at the next Jury
term of the Sixth District Court, to be holden in and for said parish. Now if
the said *Henry A. Ridding* shall well and truly make his personal appearance,
in the Sixth District Court for said parish, on the second Monday of October
next, 1851, at the Court House of said parish, to answer to such matter and
and things as shall then and there be objected or exhibited against him, the
said *Henry A. Ridding*, and shall there continue and remain, from day to day,
and from term to term, until he be discharged by due course of law, or surren-
der his body to the custody of said Court, then this obligation to be null and
void, otherwise to remain in full force and virtue."

* After judgment was rendered on the bond, an unsuccessful attempt was made to annul the
judgment, before *Robertson*, J, who succeeded *Burke*, J.

STATE
*v.*
RIDDING.

On the 17th October, 1851, at a session of the District Court, for the parish of East Baton Rouge, the Grand Jury found a true bill, on an indictment against *Ridding*, for shooting with intent to commit murder. Upon which day the said *Ridding* failing to appear, and his sureties also failing to produce him, on motion of the District Attorney, a judgment was entered up against him and his sureties, upon their bail bond.

It is clear to us that there has been a forfeiture of the bail bond.

"If the sureties are bound by recognizance that a defendant shall appear in the King's Bench, the first day of such a term, to answer to a particular information against him, and not to depart until he shall be discharged by the Court, and afterwards the Attorney General enters a *nolle prosequi*, as to that information, and exhibits another, on which the defendant is convicted, and refuses to appear in Court, after personal notice, the recognizance is forfeited by the default; for being express that the party shall not depart till he be discharged by the Court, it cannot be satisfied unless he be forthcoming, and ready to answer to any other information exhibited against him, before he receives his discharge, as much as that he was particularly bound to answer." 1st Chitty's Criminal Law, 105.

Here the obligation is the same—to appear and remain until the defendant be discharged by due course of law, or surrender his body to the custody of the Court.

The judgment of the District Court is, therefore, affirmed, with costs.